IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN FISHBACK, | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Case No. 1:23-cv-00172-JMC** |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.* | * * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff John Fishback ("Plaintiff") initiated the present lawsuit in state court on October 21, 2022 against Defendants Maryland Department of Public Safety and Correctional Services, Jama Acuff, Casey Campbell, Robert L. Green, Annie D. Harvey, Wayne Hill, and Caryolyn Scruggs (together, "Defendants"). (ECF No. 2). Defendants removed the case to this Court on January 23, 2023. (ECF No. 1). Plaintiff asserts five causes of action against Defendants in connection with Plaintiff's custody at the Department of Public Safety and Correctional Services (the "DPSCS"): (1) Discrimination in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA") ("Count I"); (2) Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973, § 504, U.S.C. § 794(a) (the "Rehabilitation Act") ("Count II"); a violation of 42 U.S.C. § 1983 based on Cruel and Unusual Punishment in Violation of the Eighth Amendment to the United States Constitution ("Count III"); a violation of Articles 16 and 25 of the Maryland Declaration of Rights ("Count IV"); and a claim of negligence ("Count V"). Presently before the Court is Defendants' Motion for Leave to Exceed the Page Limit (ECF No. 99). It is unclear whether the motion is opposed, but Defendants represent they would not oppose

a reciprocal extension of the page length for Plaintiff's opposition. *Id.* at 2.[1] No further response

(ECF No. 99) or hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth

immediately below, the Motion is GRANTED IN PART and is otherwise DENIED.

## I. BACKGROUND

The instant litigation has been pending for over three years. *See* (ECF No. 1). On May 14,

2026, Plaintiff filed a Notice of Suggestion of Death and Stipulation of Voluntary Dismissal only

with respect to former Plaintiff Mr. Michael Andrews. (ECF No. 86). The Court approved the

Notice and Stipulation that same day. (ECF No. 87). On May 21, 2026, the parties filed a Status

Report indicating discovery was set to close and dispositive motions were due on June 8, 2026

(ECF No. 89) and filed a Consent Motion for Extension of Time to file Dispositive Motions (ECF

No. 88). In the first Consent Motion for Extension of Time, Defendants asked for a thirty-day

extension, which the Court approved. (ECF No. 90). On July 8, 2026, the date upon which

dispositive motions were due, Defendants filed a second Motion to Extend Time, this time

requesting a seven day extension. (ECF No. 91). Finding good cause to grant the second motion,

and permitting a reciprocal extension for Plaintiff's opposition, the Court held that "no further

extensions to the briefing schedule shall be granted absent extraordinary circumstances." (ECF

No. 92). Accordingly, dispositive motions were due July 15, 2026.

On July 15, 2026, Defendants filed a Motion to Seal (ECF No. 93), five exhibits under seal

(ECF Nos. 94, 95, 96, 97, 98), a summary judgment motion with a sixty-seven page memorandum

(ECF No. 100), and the present motion to exceed the page limit (ECF No. 99).

## II. ANALYSIS

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

In 1657, Blaise Pascal wrote in the "Lettres Provinciales," "The present letter is a very long one, simply because I had no [time] to make it shorter.[2]" The Court finds this quote may be particularly apt to the scenario presented here.  Discovery closed in May.  Notwithstanding the granted extensions described above, the Court observes that Defendants filed their summary judgment filings in the late hours of July 15th.[3] In their Motion for Leave to Exceed the Page Limit (ECF No. 99), Defendants echo Pascal and request more time to submit a shorter motion, should the Court deny the motion to exceed the page limit.

Local Rule 105.3 imposes a thirty-page limit on memoranda in support of motions in opposition. Loc. R. 105.3 (D. Md. 2025). Indeed, "[c]umbersome filings…are a considerable drain on judicial resources." *Sampson v. City of Cambridge, Md.*, No. WDQ–06–1819, 2008 WL 7514365, at *3 (D. Md. June 5, 2008).  This Court has observed that it "seems plain that if counsel focus on presenting the law and the facts succinctly and in an organized fashion, they should be able to comply with the page limit without difficulty." *See, e.g.*, *Visual Mining Inc. v. Ziegler*, No. PWG– 12–3227, 2014 WL 690905, at *6 (D. Md. Feb. 21, 2024).  Here, Defendants filed the summary judgment motion simultaneously with their motion that exceeded the page limit, which is historically an unfavored practice in this Court absent a showing of good cause. *See id.* (denying a motion for leave to file excess pages when an improper brief was filed simultaneously with a motion for leave and the parties failed to demonstrate good cause).  The Court is more likely to grant a motion for leave to exceed the page limit when doing so remedies wrongdoing, which has not occurred here. *E.g., F.T.C. v. LOMA Int'l Bus. Grp. Inc.*, Civil Action No. MJG–11–1483, 2012 WL 1406011, at * 1 (D. Md. Apr. 20, 2012).

---

[2] Blaise Pascal, Lettre XVI, *in* THE PROVINCIAL LETTERS OF BLAISE PASCAL 417 (Thomas M'Crie trans., Robert Carter & Bros. 1866).

[3] The Court's EC/CMF system received filings spanning from 9:46 p.m. to 12:00 a.m. on July 16th.  The present motion was received at 11:52 p.m., and the Motion for Summary Judgment was received at 12:00 a.m.

Here, Defendants request to exceed the page limit to file a memorandum that is sixty-two pages. (ECF No. 99). Recognizing that some pages include signatures or a table of contents, the actual memorandum filed is sixty-seven pages—greater than double the contours of the Local Rules. (ECF No. 100). As for good cause, Defendants represent that the issues raised have involved extensive discovery and include a "variety of allegations and claims." Defendants state that they do not oppose a reciprocal extension to Plaintiff's opposition. (ECF No. 99).

The Court does. Indeed, brevity is the essence of clarity. Were the Court to permit both parties to file memoranda in excess of more than double the page limit imposed by the Local Rules, the Court expects such briefing would confuse the issues and unnecessarily drain judicial resources. Moreover, the Court observes that the claims themselves are not particularly novel or complex; the causes of action involve well-established standards. In view of the record before the Court, the Court does not find it appropriate to permit an extension of this length—nor has there been any clear argument showing good cause to do so. At the same time, the Court recognizes that Defendants have made the effort to request an extension and trusts their representation that incorporating the discovery record has presented a challenge.

Therefore, the Court will instead allow a more limited extension of ten pages to both sides, though the parties should make every effort to comply with the Local Rules. The Motion to Exceed the Page Limit (ECF No. 99) is otherwise DENIED, and the briefs must conform with the contours of the Order below.

## III.    CONCLUSION

It is this 16th day of July 2026 hereby ORDERED:

(1) The Motion to Exceed the Page Limit (ECF No. 99) is GRANTED IN PART and otherwise DENIED;

(2) The sixty-seven page memorandum (ECF No. 100-1) is STRICKEN;

(3) Defendants shall, on or before July 23, 2026, file a memorandum not to exceed forty

pages;

(4) Plaintiff's Opposition brief, not to exceed forty pages, is due on or before August 6, 2026

in accordance with this Court's July 9, 2026 Order concerning the briefing schedule (ECF

No. 92); and

(5) The briefs must conform with the usual margin, spacing, and numbering requirements set

forth in Local Rule 102.2(b).


Dated: July 16, 2026                                         _____/s/_____
                                                            J. Mark Coulson
                                                            United States Magistrate Judge